**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Lakessa Taylor,** | ) | **CASE NO. 1:20 CV 02507** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **City of East Cleveland, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendants the City of East Cleveland, Michael Cardilli, and Larry McDonald's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 3). This action arises out of plaintiff's employment with defendant. For the reasons that follow, this motion is DENIED.

**FACTS**

On January 15, 2020, plaintiff, Lakessa Taylor, filed a lawsuit in the Cuyahoga County Court of Common Pleas against defendant the City of East Cleveland ("East Cleveland"). The complaint asserted state law claims for gender discrimination, retaliation, and a hostile work environment in connection with plaintiff's employment with East Cleveland. On April 13, 2020, East Cleveland removed the matter to this Court on the basis of federal question jurisdiction. On

1

April 28, 2020, this Court *sua sponte* remanded the matter back to state court, observing that none of plaintiff's claims arose under federal law. On November 6, 2020, plaintiff voluntarily dismissed the lawsuit from state court.

Plaintiff then filed this action in the Court on November 6, 2020. The Complaint lists East Cleveland, Michael Cardilli, and Larry McDonald as defendants.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are presumed to be true.

Plaintiff was hired as a police officer for East Cleveland in 2011. During her tenure with East Cleveland, she was repeatedly subject to discrimination on the basis of her gender. For example, plaintiff was told it was "too dangerous" for her to conduct patrols on her own and her applications for detective positions were rejected in favor of less qualified male candidates. Instead, plaintiff was assigned to working within the schools as a School Resource Officer, a position normally reserved for the female officers within the police department.

Plaintiff was also subject to harassment due to her gender. Male police officers often used derogatory terms when referring to women and openly discussed their sexual encounters. Defendant Cardilli attempted to force plaintiff into his vehicle after a police department holiday party, indicating to another officer that he was planning to take plaintiff to a hotel room. Cardilli later became East Cleveland's Chief of Police.

Defendant McDonald was the police department's head School Resource Officer. In early 2018, McDonald left East Cleveland's police department for the City of Cleveland's police department. Plaintiff then assumed McDonald's role as head School Resource Officer.

McDonald later returned to East Cleveland's police department. Upon his return,

McDonald indicated that he did not want to work under plaintiff.  He began to denigrate plaintiff to various officials within East Cleveland's schools.  Plaintiff reported this issue to Cardilli, who told plaintiff that the police department was a "boys club" and she needed to "deal with it."  Less than a month after complaining about McDonald to Cardilli, plaintiff was fired for insubordination.  No investigation was conducted regarding this purported insubordination.  Several other male officers within East Cleveland's police department "have engaged in far more egregious conduct, but have not lost their jobs as a result."

On October 24, 2018, plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC").  On August 10, 2020, the EEOC issued plaintiff a Notice of Right to Sue.

Plaintiff then filed this action on November 6, 2020.  The Complaint contains six claims for relief.  Count One is a state law claim for gender discrimination.  Count Two is a federal claim for gender discrimination.  Count Three is a state law claim for retaliation.  Count Four is a federal law claim for retaliation.  Count Five is a state law claim for a hostile work environment.  Count Six is a state law claim for aiding and abetting discriminatory practices.  Counts One through Five are asserted against East Cleveland.  Count Three and Six are asserted against the individually named defendants.

This matter is now before the Court upon Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment.  Defendants move to dismiss the Complaint on several grounds.  They maintain that plaintiff's state law claims are both time-barred and subject to statutory immunity.  Defendants also argue that the entire Complaint is barred by both *res judicata* and the law-of-the-case doctrine.  Plaintiff opposes the motion in its entirety.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

4

**ANALYSIS**

**I.     Statute of Limitations**

Plaintiff brings state law claims for gender discrimination, retaliation, a hostile work environment, and aiding and abetting discriminatory practices under O.R.C. § 4112.02. According to defendants, these claims are time barred under the statute of limitations set forth at O.R.C. § 2744.04(A).  According to plaintiff, the statute of limitations contained within this provision is not applicable to these claims.

Upon review, the Court agrees with plaintiff.  Defendants contend that plaintiff's state law claims are untimely under Ohio's Political Subdivision Tort Liability Act ("PSTLA"), which contains a two-year statute of limitations period.  *See* O.R.C. § 2744.04(A).  However, the PSTLA does not apply to any "[c]ivil actions by an employee . . . against [her] political subdivision relative to any matter that arises out of the employment relationship."  O.R.C. § 2744.09(B).[1]  This includes claims for employment discrimination and retaliation brought under O.R.C. § 4112.02.  *See Nagel v. Horner*, 2005-Ohio-3574, ¶ 14-20 (Ohio App. 4th Dist 2005) (retaliation and hostile-work environment claims arise out of the employment relationship); *Henderhan v. Jackson Tp. Police Dept.*, 2009–Ohio–949, ¶ 38 (Ohio App. 5th Dist 2009) (the PSTLA does not apply to gender-based discrimination, hostile-work environment, or retaliation claims ); *Piazza v. Cuyahoga County,* 2019-Ohio-2499, ¶ 35 (Ohio 2019) ("Termination of

---

[1]   Defendants argue that plaintiff's claims do not relate to an employment relationship because plaintiff is no longer employed by East Cleveland.  The Supreme Court of Ohio has rejected this argument.  *Piazza,* 2019-Ohio-2499 at ¶31 ("[W]e hold that R.C. 2744.09(B) does not require that a plaintiff have been employed by the political-subdivision employer at the time she filed her lawsuit.")

employment is a matter that arises out of the employment relationship.") Thus, the two-year statute of limitations period contained in the PSTLA is not applicable to these claims.

Accordingly, the Court DENIES this portion of defendants' motion.[2]

## II. Statutory Immunity

Defendants also maintain that they are statutorily immune from plaintiff's state law claims under the PSTLA. According to plaintiff, the statutory immunity granted to political subdivisions under the PSTLA does not extend to these claims.

Upon review, the Court agrees with plaintiff. The PSTLA broadly grants statutory immunity to political subdivisions, such as East Cleveland, for "injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision . . . in connection with a governmental or proprietary function." O.R.C. § 2744.02(A)(1). However, civil actions brought by political subdivision employees which relate to "any matter that arises out of the employment relationship" are exempt from this immunity. O.R.C. § 2744.09(B). As noted above, plaintiff's state law claims arise out of her employment relationship with East Cleveland. Therefore, the municipal immunity provided for in the PSTLA does not apply.[3] *See Marsilio v. Vigluicci*, 2013 WL 1855975, *6 (N.D. Ohio 2013) ("Because plaintiff's sex discrimination

---

[2] In their reply brief, defendants argue for the first time that these claims are also untimely under the doctrine of laches because plaintiff "waited over two years to file the suit." This argument is improperly raised in a reply brief and the Court declines to consider it. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for first time in reply brief are deemed waived).

[3] In their reply brief, defendants argue for the first time that even if they are not statutorily immune, "the suit would still be barred under Qualified Immunity." Not only is this argument underdeveloped, it is improperly raised in a reply brief and the Court declines to consider it.

claim arises out of her employment with Portage County, § 2744.09 precludes municipal immunity.")

Accordingly, defendants are not statutorily immune from plaintiff's state law claims. The Court DENIES this portion of defendants' motion.

**III.** *Res Judicata*

Defendants next argue that the entire Complaint is barred by *res judicata*. Defendants contend that plaintiff's claims have "already been litigated" by virtue of this Court remanding the prior suit to state court for lack of subject matter jurisdiction.[4] According to plaintiff, this Court's remand of the previous lawsuit was not a final judgment on the merits and, therefore, *res judicata* does not apply.

Upon review, the Court finds no merit to defendants' argument that *res judicata* bars the Complaint. In order for *res judicata* to apply, there must be an adjudication on the merits. *Portage County Bd. of Comm'rs v. City of Akron*, 2006-Ohio-954, ¶84 (Ohio 2006); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Here, no ruling on the merits has been made. Plaintiff's initial complaint only contained state law claims. Accordingly, this Court remanded the lawsuit to state court due to a lack of subject matter jurisdiction. This does not constitute an adjudication on the merits. *In re Wohleber*, 2020 WL 6781237, *3 (6th Cir. 2020)

---

[4] Defendants maintain that the Court should convert their motion to a motion for summary judgment when considering their *res judicata* argument because it "requires analysis of matters outside the pleadings." This argument is without merit. "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). The documents relied upon by the Court in reaching its conclusion as to this issue are exclusively matters of public record, i.e., the dockets from the prior lawsuit.

("But, when a case is dismissed for lack of subject matter jurisdiction, nothing has been litigated and decided, because such a dismissal is not an adjudication on the merits.")(internal quotations omitted)

Once the first lawsuit was remanded to state court, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Ohio R. Civ. P. 41(A)(1)(a). This also does not operate as an adjudication on the merits. *Hensley v. Henry*, 61 Ohio St.2d 277, 279 (Ohio 1980); *Thornton v. Montville Plastics & Rubber, Inc*. 121 Ohio St.3d 124, 129 (Ohio 2009).[5] Thus, no ruling on the merits has occurred for purposes of *res judicata*.

Accordingly, the Court finds that the Complaint is not barred by *res judicata* and DENIES this portion of defendants' motion.

**IV.     Law-of-the-Case Doctrine**

Finally, defendants contend that because this Court found no subject matter jurisdiction in the prior complaint, plaintiff is precluded from adding federal claims to the current Complaint under the law-of-the-case doctrine.

Upon review, the Court finds no merit or legal basis for this argument. "Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002). Here, the only finding that this Court reached with respect to plaintiff's

---

[5]     A federal court looks to state law to determine the preclusive effect of a state court judgment. *ABS Industries, Inc. ex. rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed. Appx. 994, 998 (6th Cir. 2009). Indeed, if "an individual is precluded from litigating a suit in state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Id.* (internal quotations omitted)

8

prior complaint was that it did not contain any federal claims. Upon remand to state court, plaintiff voluntarily dismissed this complaint without prejudice. Plaintiff then re-filed her lawsuit in this Court once she obtained a Right to Sue letter from the EEOC and could add federal claims under Title VII. There is no rule of procedure which bars plaintiff's chosen course of action.

Defendants assert that since this Court "previously ruled that there is no subject matter jurisdiction" to now find jurisdiction "in an identical case would be a contradiction." However, this is not an identical case. Plaintiff now asserts both federal and state law claims, allowing this Court to assume jurisdiction.

Accordingly, the Complaint is not barred by the law-of-the-case doctrine. The Court DENIES this portion of defendants' motion.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 3) is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 1/22/21